Citation Nr: 1554497 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 97-30 177 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARINGS ON APPEAL

The Veteran and L.A.


ATTORNEY FOR THE BOARD

K. Hubers, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1959 to May 1963.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 1997 rating decision issued by the Department of Veterans Affairs (VA), Regional Office (RO), in Philadelphia, Pennsylvania.

After remands for additional development in June 2001, February 2005, and September 2007, the Board denied the claim in a May 2009 decision. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In February 2013, the Court granted a joint motion for remand (JMR) and vacated the Board's decision. The case was returned to the Board for compliance with the terms of the JMR. In January 2015, in accordance with the Veteran's request, the Board remanded the matter for a hearing before the third member of the panel previously assigned to this matter. See 38 C.F.R. § 19.3(a).

The Veteran has now testified before each of the undersigned Veterans Law Judges in hearings held in December 2004, February 2007, and August 2015. The record contains transcripts of each of those hearings.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In the February 2013 JMR, the Secretary conceded that the statement of reasons and bases was insufficient regarding whether or not a February 1963 service treatment record documenting psychosomatic chest pain established the in-service element of the McLendon test. See McLendon v. Nicholson, 20 Vet.App. 79, 81-86 (2006); 38 U.S.C. § 5103A(d)(2). The JMR directed that "the Board should further consider whether Appellant is owed a medical examination." Moreover, at the August 2015 hearing, a clinical social worker testified that the Veteran's reported in-service experiences were consistent with the onset of bipolar disorder at that time and the difficulties he related "certainly would make any manifestation worse." August 2015 Board Hearing Tr. at p. 22. 

Given the terms of the JMR, the August 2015 testimony, and the lack of any medical opinion directly addressing the February 1963 STR, the Board will remand this matter to obtain a medical opinion on direct service connection.

In addition, the Veteran testified at his August 2015 Board hearing that he continues to receive psychiatric treatment from VA providers. Therefore, the AOJ should obtain updated treatment records from VA facilities, including the VA Medical Center in Martinsburg. See 38 C.F.R. § 3.159(c)(2).

Accordingly, the case is REMANDED for the following action:

1. Obtain updated VA medical records including from the VA Medical Center in Martinsburg dated from January 2008 to the present.

2. Only after obtaining any available VA records, then the Veteran should be provided an examination with respect to his acquired psychiatric disability. The entire claims file (i.e. the paper claims file and any medical records contained in Virtual VA, CAPRI, and AMIE) should be reviewed by an examiner. 

After reviewing the record and performing any examination and/or testing of the Veteran deemed necessary, the examiner(s) should address the following:

a. Identify the appropriate diagnosis/es for each of the Veteran's acquired psychiatric disorders, including previously diagnosed bipolar disorder.

b. For each acquired psychiatric disorder identified in response to (a), is it at least as likely as not (50 percent probability or greater) that the acquired psychiatric disorder was incurred in or otherwise related to the Veteran's military service.

It would be helpful if the examiner commented on the February 1963 in-service diagnosis of psychosomatic chest pain and on the June 2004 statement by a registered nurse (friend of the Veteran).

The examiner must provide a complete rationale for any opinion expressed that is based on the examiner's clinical experience, medical expertise, and established medical principles. If an opinion cannot be made without resort to speculation, the examiner must explain why this is so and note what, if any, additional evidence would permit an opinion to be made.

3. Thereafter, readjudicate, based on the entirety of the evidence, the claim of entitlement to service connection for an acquired psychiatric disorder. If the benefits sought on appeal are not granted to the Veteran's satisfaction, he and his representative should be provided with a supplemental statement of the case. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_______________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

_______________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals 



____________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).